RICHARD A. KENNEY vs. COMMISSIONER OF CORRECTION
& another.[1]

Norfolk. November 3, 1986. — January 26, 1987.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Imprisonment. Laches.*

In an action by a prison inmate against the Commissioner of Correction
and prison superintendent challenging certain prison disciplinary pro-
ceedings which had occurred some four to six years earlier and which
had resulted in the forfeiture of the plaintiff's statutory "good time"
credits, this court held that the judge erred in dismissing the plaintiff's
complaint on the basis of laches, and remanded the case with instructions
that, in addition to the length of the delay and the degree to which the
defendants were prejudiced by the delay, the judge should consider when
the plaintiff discovered that his good time credits had been forfeited,
whether the delay was deliberate and calculated to prejudice the defend-
ants, and the fairness in all the circumstances of denying a hearing on
the merits. [138-140]

CIVIL ACTION commenced in the Superior Court Department
on August 3, 1983.

The case was heard by *George N. Hurd, Jr.*, J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Ann Lambert Greenblatt* for the plaintiff.

*Paul A. Lazour,* Assistant Attorney General, for the Com-
missioner of Correction & another.

HENNESSEY, C.J. This case concerns the basis on which the
defense of laches may bar an inmate's complaint challenging
prison disciplinary proceedings resulting in the forfeiture of
good time credits.[2] The plaintiff, an inmate at the Massachusetts

---

[1] Superintendent, Massachusetts Correctional Institution, Cedar Junction.

[2] See G. L. c. 127, § 129 (1984 ed.).

Correctional Institution, Cedar Junction, filed a pro se complaint in the Superior Court in August, 1983, against the Commissioner of Correction and prison superintendent challenging eleven disciplinary proceedings which occurred between 1977 and 1979. As a result of those disciplinary proceedings, punishment was ordered against the plaintiff amounting to a total of 119 days in isolation and forfeiture of 405 days of good time credits. The plaintiff's complaint challenged the disciplinary proceedings on various grounds.[3] The defendants' amended answer asserted that the plaintiff's claims were barred by laches because of the delay of from four to over six years between the challenged disciplinary proceedings and the plaintiff's complaint. After a hearing at which no testimony or other evidence was presented, the judge dismissed the complaint on the ground of laches. The plaintiff appeals from that dismissal. We reverse and remand.

The defendants stress that the present action is not a petition for habeas corpus. Although the plaintiff's case is not a petition for habeas corpus because he would not be entitled to immediate release, see *Hennessy* v. *Superintendent, Mass. Correctional Inst., Framingham,* 386 Mass. 848, 852 (1982), he asserts the same liberty interest. See *Hill* v. *Superintendent, Mass. Correctional Inst., Walpole,* 392 Mass. 198, 200-201 (1984), reversed on other grounds, 472 U.S. 445 (1985); *Nelson* v. *Commissioner of Correction,* 390 Mass. 379, 389 (1983). If he were to wait until the date he would have been released had the good time credits not been forfeited, he could assert a petition for habeas corpus. Because of the importance of the liberty interest at stake, the defendants are mistaken in asserting that this case is controlled by precedents concerning the application of laches in purely civil matters, although it is clear that those cases have some significance here by way of analogy.

---

[3] The plaintiff contended that the record did not demonstrate that the findings were established by a preponderance of the evidence; the sanctions imposed were disproportionate to the offenses; the defendants failed to state sufficient reasons for the sanctions imposed; and the defendants violated his Federal and State due process rights.

On the present state of the record, the defense of laches is not available because there has been no showing of prejudice to the defendants as a result of the delay. There were statements relevant to the laches issue, but no testimony was heard. Thus the defendants' counsel stated that he had a witness prepared to testify that many of the reporting officers had either died or retired, and that the defendants would be disadvantaged. The plaintiff, acting pro se in the court below, stated that he had not discovered until 1983 that the Commissioner had ordered forfeiture of good time credits as recommended by the disciplinary boards. The judge heard no testimony, received no evidence, and made no findings. It was error for the judge to dismiss the plaintiff's complaint on the basis of laches without a showing that the prejudice to the defendants was substantial enough to warrant dismissal. See *Three Sons, Inc.* v. *Phoenix Ins. Co.*, 357 Mass. 271, 278-279 (1970); *Stewart* v. *Finkelstone*, 206 Mass. 28, 36 (1910). See also *Horace* v. *Wainwright*, 781 F.2d 1558, 1565 (11th Cir.), cert. denied, 479 U.S. 869 (1986); *Davis* v. *Adult Parole Auth.*, 610 F.2d 410, 414 (6th Cir. 1979).[4] Cf. *Williams, petitioner,* 378 Mass. 623, 627-628 (1979), citing *Commonwealth* v. *Swenson,* 368 Mass. 268, 280 (1976), and *Commonwealth* v. *Fontaine,* 8 Mass. App. Ct. 51, 55-58 (1979) (inmate asserting Commonwealth's delay must show prejudice).

---

[4] Rule 9 (a) of the Federal Rules Governing Section 2254 Cases of habeas corpus (Delayed or Successive Petitions) provides: "A petition [for habeas corpus] may be dismissed if it appears that the state of which the respondent is an officer has *been prejudiced in its ability to respond to the petition* by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred" (emphasis added). 28 U.S.C. following § 2254. We make three observations concerning this Federal rule. First, it requires that the State be prejudiced; mere delay is insufficient. Second, the prejudice which must be shown is to the State's ability to respond to the petition, not prejudice to the State's ability to retry the prisoner. *Horace* v. *Wainwright, supra* at 1565. Finally, Massachusetts has no similar rule explicitly permitting dismissal. Compare Mass. R. Crim. P. 30, 378 Mass. 900 (1979). See 5 C.A. Wright & A.R. Miller, Federal Practice & Procedure § 1277, at 338-339 (1969) (arguing that laches defense should never be grounds for dismissal because of fact-specific inquiry required into circumstances of delay).

We reverse the dismissal of the plaintiff's claims and remand the case. The judge must consider all the circumstances relating to the defense of laches. In addition to the length of the delay and the degree to which the defendants were prejudiced by the delay, the judge should also consider when the plaintiff discovered that his good time credits had been forfeited, whether the delay was deliberate and calculated to prejudice the defendants, and the fairness in all the circumstances of denying a hearing on the merits. See *Shea* v. *Shea,* 296 Mass. 143, 147-148 (1936). See also *Horace* v. *Wainwright, supra* at 1565; *Myers* v. *Washington,* 646 F.2d 355, 361-362 (9th Cir. 1981), vacated and remanded on other grounds, 456 U.S. 921 (1982).

*So ordered.*