Hugh C. DUFFY, Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF CORRECTIONS; George Vose, individually and in his official capacity as Commissioner; Paul Rakiey, individually and in his official capacity as Superintendent; Kevin M. Shannon, individually and in his official capacity as guard; Jeffrey Vigneaux, individually and in his official capacity as guard; John Andrea, individually and in his official capacity as guard; Michael Buckley, individually and in his official capacity as case worker; Edward Corey, individually and in his official capacity as case worker; Juanita Silvia, individually and in her official capacity as telephone worker; Donna Phillips,

individually and in her official capacity as employee; Raymond Marchetti, individually and in his official capacity as employee and Michael Sheehan, individually and in his official capacity as guard, Defendants.

Civ. A. No. 90–10226–Y.

United States District Court,
D. Massachusetts.

Sept. 11, 1990.

Hugh C. Duffy, pro se.

Donald John Bongiovi, Mass. Dept. of Correction, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

This rambling civil rights complaint from Hugh C. Duffy ("Duffy"), a pro se prisoner in state custody, raises three identifiable claims. First, that he was denied procedural and substantive due process in the conduct of certain disciplinary proceedings; second, that certain of the defendants displayed deliberate indifference to his serious medical needs in violation of his Eighth Amendment right to be protected from cruel and unusual punishment; and third, that one defendant stole stamps he had ordered from the canteen.

The defendants, all represented by counsel for the Massachusetts Department of Corrections, filed a perfunctory motion to dismiss a portion of the complaint for failure to state a claim pursuant to Fed.R. Civ.P. 12(b)(6) and for partial summary judgment pursuant to Fed.R.Civ.P. 56. Upon consideration, the Court rules as follows:

■ 1. The defendants argue that all of Duffy's claims arising from the allegedly improper disciplinary proceedings (here called collectively "the first claim") are time-barred. It is well-established policy that, when Congress has not established a statute of limitations applicable to the assertion of rights under a statute such as 42 U.S.C. sec. 1983, federal courts should adopt the local law of limitations as it pertains to a cognate state cause of action. *See Runyon v. McCrary*, 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976). In Massachusetts, the remedy for impro-

prieties in prison disciplinary hearings is a civil action in the nature of *certiorari.* Mass.Gen.Laws c. 249, sec. 4 (1986). *See Murphy v. Superintendent, Massachusetts Correctional Institution,* 396 Mass. 830, 833, 489 N.E.2d 661 (1986); *Wightman v. Superintendent, Massachusetts Correctional Institution, Walpole,* 19 Mass. App.Ct. 442, 444, 475 N.E.2d 85 (1985); *Cepulonis v. Commissioner of Correction,* 15 Mass.App.Ct. 292, 293, 445 N.E.2d 178 (1983).[1] In 1986, the Massachusetts Legislature reduced the statute of limitations for actions in the nature of *certiorari* from two years to sixty days. Mass.Gen. Laws c. 249, sec. 4. In the following year, the Massachusetts Legislature enacted "an Act limiting the time in which lawsuits may be commenced by prisoners" by amending Mass.Gen.Laws c. 260, sec. 7 to eliminate prisoners from the class of otherwise disabled persons protected from the running of statutes of limitations. Mass.Statutes 1987, c. 198.

Here, it is undisputed that while the disciplinary report which gives rise to Duffy's concerns was issued to him on August 25, 1989, the disciplinary hearing thereon was held on August 30, 1989, and the Superintendent's denial of his appeal was dated September 15, 1989, Duffy did not commence this action until January 12, 1990, after the passage of more than three months following the final step in the disciplinary proceeding. Thus the defendants argue if the state limitation on actions in the nature of *certiorari* is effective to limit the cognate 1983 claim, the first claim is time barred.

---

**1.** The "fit" between Duffy's first claim and an action in the nature of *certiorari* is almost exact. In *Rosales v. Lewis,* 454 F.Supp. 956 (S.D. Iowa 1978) the court applied Iowa's general statute of limitations for tort actions to a section 1983 case against county deputy sheriffs rather than Iowa's Tort Claims Act, reasoning that the latter addressed the limited waiver of sovereign immunity—a concern which could not properly confine a section 1983 action. *Id.* at 958–60. Here, in contrast, Duffy seeks to "reverse" the decision of the prison disciplinary board and expunge it from his prison record. This is precisely the thrust of a Massachusetts action in the nature of *certiorari, viz.* "to correct errors in proceedings which are not according to the

course of the common law, which proceedings are not otherwise reviewable by motion or by appeal...." Mass.Gen.Laws c. 249, sec. 4 (1986). Unless the statute of limitations is otherwise inapplicable to section 1983 actions, it is the most apposite limitation to apply to Duffy's first claim. True, Duffy also seeks $200 compensatory damages for each of the ten days he was in isolation and this could be analogized to a tort claim. A fair reading of his complaint, however, demonstrates that the gravamen of this first claim is the attack on the findings of the prison disciplinary board. Indeed the $2000 damages Duffy seeks on the first claim pales into insignificance when compared with the $400,000 he seeks on his second claim.

A state limitation which evidences hostility or discrimination toward the assertion of a federal right will not be adopted by federal courts. *Johnson v. Davis*, 582 F.2d 1316, 1318 (4th Cir.1978) (Hall, J.) The Massachusetts statutes fit this mold precisely, Duffy argues,[2] and thus ought not be followed in this instance.

All these arguments are, however, beside the point. While it may once have been the law that a civil rights complaint would be subjected to a variety of state statutes of limitation depending upon the various theories advanced, *Williams v. Walsh* 558 F.2d 667, 668 (2d Cir.1977), the Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 275, 278, 280, 105 S.Ct. 1938, 1946, 1948, 1949, 85 L.Ed.2d 254 (1985) held unequivocally that section 1983:

> is fairly construed as a directive to select, in each state, the one most appropriate statute of limitations for all sec. 1983 claims. The federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored this simple approach.... [As Congress] would have characterized sec. 1983 as conferring a general remedy for injuries to personal rights[,] ... sec. 1983 claims are best characterized as personal injury actions.

As Duffy's claim is well within the Massachusetts' three year statute of limitations for tort actions, Mass.Gen.Laws c. 260, sec. 2A (1973), the motion of the defendants as to the first claim, characterized as a motion for summary judgment, is denied as frivolous.

2. While the second claim states a cause of action—indeed, the motion of the defendants does not address it at all—the Court on its own motion dismisses this claim save as to George Vose, Kevin M. Shannon, John Andrea, and Michael Sheehan since none of the other defendants are alleged to have played any part in the matters about which Duffy complains in this second claim. What's more, even as to the defendants who remain, the action may be maintained against them only in their individual capacities since, were the action to go forward against these state employees in their official capacities, the Commonwealth would be liable for the resulting judgment and this would offend the principles of the Eleventh Amendment.

3. The third claim is dismissed as there is no factual underpinning for the vague and general assertion that the theft of the stamps was accomplished by a person acting under color of law. At most, the allegations here would support the inference that the alleged thief had the opportunity to commit the crime by virtue of his official position.

It is for the foregoing reasons, SO ORDERED.

---

**2.** Duffy himself puts it, "[these statutes] are discriminatory, biased, slanted, one sided and ex- parte' for the state and are grossly unconstitutional. A 'rush job' for the state, against indigent, illiterate inmates and is discriminatory to a paramount degree. Justice certainly does not prevail with these new laws, it crushes the individual under the heel of injustice. The defenseless standing alone against the well learned intelligencia of the state's legal system. Justice? Where is it?" Plaintiff's affidavit in Opposition to Defendant's Motion for Partial Summary Judgment at 3. (Spelling and punctuation in original.)