Fremont-Smith, J.
Petitioner, Leroy Davis, is a state prisoner currently incarcerated at MCI-Cedar Junction pursuant to a twelve to twenty year sentence for manslaughter. He filed this petition pursuant to G.L.c. 248, §1, claiming that he is entitled to immediate release from prison because he is being held beyond the expiration of his lawfully imposed prison sentence.[1] He alleges that he remains incarcerated, in violation of his due process rights, because respondent wrongfully imposed a forfeiture of petitioner’s statutoiy good time credits based upon an improperly conducted disciplinary hearing. Respondent opposes this petition, arguing that it is time barred.[2] For the reasons stated below, respondent’s motion to dismiss petitioner’s request for a writ of habeas corpus as time barred is DENIED.
DISCUSSION
Larry Davis alleges that, as a result of two disciplinary hearings, following which he was found to have forfeited 465 days of good time credits, he is unconstitutionally being held beyond the expiration of his lawfully imposed prison sentence.[3] But for the forfeiture of 465 days, petitioner contends that he would have been released on September 8, 1994.
It is true that ordinarily an inmate’s only recourse for challenging the results of improper disciplinary proceedings is an action in the nature of certiorari pursuant to G.L.c. 249, §4, which has a sixty day limitations period. Pidge v. Superintendent, Mass. Correctional Inst., Cedar Junction, 32 Mass.App.Ct. 14, 17 (1992). Accordingly, respondents argue that petitioner’s claim is time barred under G.L.c. 249, §4. However, neither Pidge or its progeny involved a claim of entitlement to immediate release from prison. In Pidge the disciplinary hearing resulted in segregation, whereas, in the cases Pidge cites, Murphy v. Superintendent. Mass. Correctional Inst., Cedar Junction, 396 Mass. 830, 833 (1986), involved a disciplinary hearing which resulted in loss of good time credit, and McLellan v. Commissioner of Correction, 29 Mass.App.Ct. 933 (1990), involved a disciplinary hearing which resulted in isolation. See also Pagliuca v. Boston, 35 Mass.App.Ct. 820 (1994) (nonprisoner case), and the unpublished Rule 1:28 Appeals Court decision supplied by Respondent, Medeiros v. Commissioner of Correction, Dkt #92-P-1746 (1993), neither of which involved a claim of entitlement to immediate release.
Where, as here, a deprivation of liberty is alleged, Pidge is inapplicable but Kenney v. Commissioner of Correction, 399 Mass. 137, 138 (1987), controls. In Kenney, the Court indicated that disciplinary proceedings may be challenged by way of a petition for habeas corpus where the petitioner alleges that he is entitled to immediate release. Id., 138.
Petitioner, moreover, alleges a 42 U.S.C. §1983 claim so that the sixty day limit on certiorari may be viewed as hostile to the plaintiffs “substantive federal right, properly asserted” in Superior Court. Pidge, supra, at 19. A three-year statute of limitations applies to an inmate’s §1983 claim arising from allegedly improper disciplinary proceedings. Duffy v. Massachusetts Dept. Of Correction, 746 F.Supp. 232 (D.Mass. 1990).
In sum, where, as here, an immediate liberty interest is alleged (i.e., that petitioner is entitled to immediate release if the court reinstates his good time credits), Kenney v. Commissioner of Correction controls and the sixty-day limitations period for certiorari is inapplicable.
ORDER
For the reasons set forth above, respondent’s motion to dismiss petitioner’s request for a writ of habeas corpus is DENIED, and respondent is ordered to file a motion to dismiss or for summary judgment within thirty days, if appropriate, to which the petitioner may file any opposition papers within twenty-one days after his receipt of such motion.

Petitioner also raises G.L.c. 231A and G.L.c. 12, §§11H & 1II; as well as 42 U.S.C. §1983.

The Court will treat respondent’s opposition as a motion to dismiss.

D-Report 93-2353 was issued on July 20, 1993; petitioner was found guilty on September 28, 1993; his appeal was denied on October 29, 1993; and his forfeiture of 365 days was authorized on November 22, 1993. D-Report 94-599 was issued on March 10, 1994; petitioner was found guilty on May 18, 1994; his appeal was denied on May 31, 1994; and his forfeiture of 100 days was authorized June 23, 1994.