Cowin, J.
INTRODUCTION
This matter is before the Court on plaintiffs motion for summary judgment and defendant’s motion to dismiss or, in the alternative, for summary judgment. For the reasons below, the defendant’s motion for summary judgment is ALLOWED. Plaintiffs motion for summary judgment is DENIED.
BACKGROUND
The plaintiff, Albert F. Smith (“Smith”), is presently serving a two and one-half to three year sentence for carrying a dangerous weapon. In 1991, when he was serving a sentence for an earlier offense, Smith was found guilty of Disciplinary Report No. 91-1167 charging him with possession of a weapon. As a result, Smith received a sanction of 100 days loss of statutory good time. On August 22, 1991, Michael T. Maloney, Deputy Commissioner of the Department of Correction, acting as the Commissioner’s designee, reviewed the matter and approved the forfeiture of the statutory good time. On August 15, 1995, Smith filed this action pursuant to G.L.c. 231A (the Declaratory Judgment Act) and 42 U.S.C. §1983 alleging that the defendant was not authorized by either statute or agency regulation to order the forfeiture of his statutory good time because the defendant was not the actual Commissioner of Correction.
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and of establishing “that the moving parly is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A Court will grant summary judgment to the party entitled to judgment as a matter of law if both parties have moved for summary judgment and “there is no real dispute [concerning] the salient facts” or if a case only involves a question of law. Cassesso v. Commissioner of Correction, supra, at 422.[1]
Defendant contends that Smith’s claims must be dismissed because they were not filed within the required period of time.[2] For the purpose of these motions, this Court will assume, without deciding, that Smith’s claims were timely filed. Further, the Court will treat the defendant’s motion as a motion for summary judgment. The Court notes that Smith has filed an opposition to the defendant’s motion to dismiss or, in the alternative, for summary judgment.
The Depuly Commissioner has the statutory power to “perform such other duties as may be assigned to him from time to time by the Commissioner.” G.L.c. 124, §2. In an affidavit, Commissioner DuBois states that such duties include assuming the role of Acting Commissioner if the Commissioner is ill or traveling outside of the Commonwealth on business or personal vacation. In his affidavit, Commissioner DuBois also notes that Deputy Commissioner Maloney held the position of Acting Commissioner during an extended period between the.departure of a former commissioner and the appointment of his successor.
In Smith’s case, in August, 1991, Commissioner DuBois delegated his authority to Deputy Commissioner Maloney. In the Commissioner’s absence, Dep7 *70 uty Commissioner Maloney, in his capacity as Acting Commissioner, reviewed and approved the forfeiture of Smith’s statutory good time. Acting Commissioner Maloney’s actions are in conformance with Department regulation 103 CMR 430.25(5) and G.L.c. 127, §129, authorizing the forfeiture of statutory good time and are authorized by G.L.c. 124, §2.
Accordingly, the defendant’s motion for summary judgment is hereby allowed and the plaintiffs motion for summary judgment is denied.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED. Plaintiffs motion for summary judgment is DENIED.

No hearing has been held on this motion. The issues are clearly presented in the motions and memoranda that have been submitted. The cost of transporting the inmate to a hearing and the lack of adequate security in the courthouse convince the Court that a hearing is not justified when the issues are so clearly presented.

Defendant claims Smith’s action is an action in the nature of certiorari pursuant to G.L.c. 249, §4. Certiorari actions are required to be brought within sixty days after the conclusion of the proceeding which is being challenged. In this case, Smith commenced the action approximately four years after the conclusion of the disciplinary proceeding. Defendant further contends that Smith’s claim under §1983 is also time barred because a §1983 claim is subject to a three-year statute of limitations. Duffy v. Massachusetts Department of Corrections, 746 F.Supp. 232, 234 (D.Mass. 1990).