Neel, J.
INTRODUCTION
Plaintiff James Hollingsworth filed a petition for a writ of habeas corpus, challenging a disciplinary proceeding which resulted in the alleged wrongful forfeiture of 562.5 statutoiy good time credits. Plaintiff claims that he should have been released from custody on March 17, 1995. After hearing, and for the reasons set forth below, the petition is denied.
BACKGROUND
Plaintiff was sentenced on March 15, 1989 for a term of ten to twelve years for armed robbeiy. On July 8, 1992, a fellow inmate at North Central Correctional Institute in Gardner, Massachusetts, was stabbed. A disciplinary report dated July 14, 1992 charged that plaintiff conspired and participated in the crime by luring the victim to the handball court where he was assaulted. Following a disciplinary hearing on October 5, 1992, plaintiff was found guilty. The hearing officer recommended that plaintiff serve six years three months in the Department Disciplinary Unit (“DDU”), and that he forfeit 562.5 days of good time credits. On appeal, defendant Deputy Commissioner Maloney reduced the DDU commitment to three years, but affirmed the forfeiture recommendation. On November 13, 1992, the Deputy Commissioner ordered the forfeiture of plaintiffs credits.
On August 15, 1995, plaintiff filed this petition for a writ of habeas corpus. His petition and his argument at the hearing thereof are based on two contentions: first, that defendants violated his due process rights with respect to informant information summaries used at his disciplinary hearing; and second, that Deputy Commissioner Maloney lacked authority to order forfeiture of plaintiffs good time credits.
DISCUSSION
Defendants contend that the petition should be dismissed on the ground that a disciplinary proceeding may be challenged only through a petition for a writ of certiorari, and that in this case the plaintiff failed to file a petition for writ of certiorari within the sixty day statute of limitations period following the order of forfeiture. Plaintiff contends that his action is properly brought as a petition for a writ of habeas corpus.
Typically, inmates challenging alleged improprieties in prison disciplinary proceedings under state law must proceed by way of an action in the nature of certiorari. Pidge v. Superintendent Massachusetts Correctional Institution, Cedar Junction, 32 Mass.App.Ct. 14, 17 (1992). Certiorari actions must be commenced within sixty days after the conclusion of the proceeding being challenged. G.L.c. 249, §4. However, where an inmate challenges a disciplinary proceeding claiming that he is entitled to be immediately released from prison, he may bring a petition for writ of habeas corpus. Kenney v. Commissioner of Correction, 399 Mass. 137, 138 (1987). Accordingly, the Court will consider the petition on the merits.
Plaintiffs first claim is that the disciplinary proceeding did not comport with due process requirements under Art. 12 of the Massachusetts Declaration of Rights. Specifically, plaintiff claims that the informant information summaries relied upon by the hear *356 ing officer did not meet the standards outlined in Lamoureux v. Superintendent, Massachusetts Correctional Institution, Walpole, 390 Mass. 409, 413-14 (1983). Defendants contend that plaintiff was provided all of the due process to which he was legally entitled.
“Article 12 of the Massachusetts Declaration of Rights does not grant an inmate subject to prison disciplinary proceedings a constitutional right to confront inmate informants whose information is the basis for the charges.” Murphy v. Superintendent, Massachusetts Correctional Institute, Cedar Junction, 396 Mass. 830, 832 (1986). Moreover, prison disciplinary proceedings do not involve all the constitutional principles applicable to criminal proceedings, such as proof beyond a reasonable doubt and the right to trial by jury. Id. “The need for fairness in disciplinary proceedings must be accommodated to the interest of maintaining prison security.” Id., citing Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974). See Sandin v. Conner, 115 S.Ct. 2293 (1995).
“The loss of statutory good time credits involves a state-created liberty interest that is protected by the due process clause of the Fourteenth Amendment to the United States Constitution.” Lamoureux, supra at 413-14. When a disciplinary determination is derived from informant information,
(1) the record must contain some underlying factual information from which the [board] can reasonably conclude that the informant was credible or his information reliable; (2) the record must contain the informant’s statement [written or as reported] in language that is factual rather than conclusionary and (3) must establish by its specificity that the informant spoke with personal knowledge of the matters contained in such statement.
Id. at 414, citing Helms v. Hewitt, 655 F.2d 487, 502 (3rd Cir. 1981), quoting Gomes v. Travisono, 510 F.2d 537 (1st Cir. 1974); Nelson v. Commissioner of Correction, 390 Mass. 379 (1983).
The record in this case establishes, and the Court finds, that the defendants’ forfeiture determination meets the requirements of Lamoureux. First, the two informants on which the hearing officer relied had been used in the past more than ten and five times respectively, and were found by the hearing officer to be reliable and credible. Information contained in the informant information summaries was corroborated by other testimony and photographic exhibits. In rendering his decision, the hearing officer relied not only upon the two eye-witness accounts, but also upon plaintiffs own initial statement (and later denial) that he had brought the victim to the handball court where he was stabbed. Second, the informant information summaries were expressly based upon eye-witness factual accounts of the informants and not upon their opinions. Third, the informants demonstrated that they had personal knowledge, having observed plaintiff bring the victim to the handball court and leave him there. The court concludes that due process was accorded plaintiff regarding the informant information summaries.[3]
Plaintiff also claims that he is entitled to reinstatement of his 562.5 days of statutory good time credits because the Deputy Commissioner did not have the statutory authority to order them forfeited. Plaintiff cites the provisions of G.L.c. 124, §2,103 C.M.R. §410, and G.L.c. 127, §129 in support of his claim. The Deputy Commissioner argues, however, that the Commissioner delegated the authority to forfeit credits to him in accordance with G.L.c. 124, §2.
The Commissioner of Correction, pursuant to G.L.c. 127, §129, is responsible for the forfeiture of an inmate’s credits.[4] The Commissioner also has the authority to delegate duties to his Deputy Commissioner under G.L.c. 124, §2, paragraph 5.[5] Therefore, a Deputy Commissioner may be responsible for the forfeiture of good time credits, if the Commissioner has delegated to him the authority to do so. Here, plaintiff has failed to make any showing that the Commissioner has not delegated such authority to his deputy.
ORDER
For the reasons stated above, plaintiffs petition for writ of habeas corpus is DENIED.

See findings of fact and rulings of law in Hollingsworth v. DuBois, (D. Mass., CA 93-10773) dated September 27, 1994 (Young, J.). The court concluded that the disciplinary hearing proceedings did not violate Hollingsworth’s procedural due process rights.

G.L.c. 127, §129 provides that:
[i]f a prisoner violates any rule of his place of confinement, the commissioner of correction, the county commissioners, and, in Suffolk County, the penal institutions commissioner of Boston, upon the recommendation and evidence submitted to them respectively, in writing by the principal officer, or officer in charge shall decide what part, if any, of such good conduct deduction from sentence or sentences shall be forfeited by such violation . . .
103 C.M.R. 410.14 provides that:
[i]n accordance with G.L.c. 127, §129, the Commissioner of Correction is authorized to forfeit good time deductions from the sentence of an inmate sentenced to a state correctional facility . . . who has been found guilty of an infraction by a disciplinary board.

G.L.c. 124, §2, paragraph 5 states that:
[e]ach of the said deputy commissioners shall perform such other duties as may be assigned to him from time to time by the commissioner.