King, J.
On January 17, 2001, Petitioner, John Lightbody (“Lightbody”), an inmate confined at the Massachusetts Correctional Institution at Norfolk (“MCI Norfolk”), filed this habeas corpus petition. Lightbody contends that but for the forfeiture of 250 days of statutory good time credits, resulting from a disciplinary hearing where his due process rights were allegedly violated, he would be entitled to immediate release. A hearing on the habeas corpus petition was held on January 22, 2001. After considering the undisputed material facts and the argument of counsel, for the reasons explained below, judgment shall enter dismissing the habeas corpus petition.
BACKGROUND
Petitioner is currently imprisoned pursuant to a lawful sentence of the Suffolk County Superior Court imposed on February 26, 1991, sentencing Lightbody to serve a maximum term of eighteen years of confinement for the crime of trafficking in cocaine. The sentence is subject to reductions of time to be served pursuant to General Law c. 127, §129, statutory good time credits for good conduct while in prison.
On October 26, 1993, the Department of Correction, through a report issued by correctional officer Ronald Sweeney, initiated disciplinary proceedings against Lightbody, alleging that Lightbody committed various offenses within the prison. Lightbody received a copy of the disciplinary report, received notice of a scheduled disciplinary hearing before the board, and exercised his right to have counsel present at the hearing. The hearing took place on November 8, 1993. On November 11, 1993, Lightbody received written notice that the hearing officer found Lightbody guilty of all charges. The sanctions imposed were thirty days of isolation, forfeiture of 250 days of statutory good time, and restitution of $57.30 for overtime incurred. *649 Lightbody appealed the decision to the superintendent, who denied his appeal.[1]
On or about January 14, 2001, Lightbody would have been released from MCI Norfolk but for the forfeiture of his good time as a result of the findings at the disciplinary hearing in 1993. On January 17, 2001, Lightbody filed this petition for a writ of habeas corpus, alleging that because of the manner in which the disciplinary hearing was conducted, his good time credits were taken from him in violation of his due process rights.
DISCUSSION
“Whoever is imprisoned or restrained of his liberty may, as of right and of course, prosecute a writ of habeas corpus, according to this chapter, to obtain release from such imprisonment or restraint, if it proves to be unlawful . . .” See G.L.c. 248, §1 (1988 ed.). Lightbody alleges that MCI Norfolk is detaining him unlawfully because he was deprived of statutory good time credits in a disciplinary proceeding which violated due process, and had these credits not been taken from him, his prison term would have expired. The threshold issue presented by this petition is whether, on the undisputed facts of this case, a petition for a writ of habeas corpus is an available remedy to challenge the lawfulness of the forfeiture of Petitioner’s 250 days of statutory good time credits.
After Lightbody appealed the outcome of his 1993 disciplinary hearing and the superintendent denied his appeal, Lightbody’s next step of recourse was to file an action in the nature of certiorari in the superior court. “A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the supreme judicial or superior court.” G.L.c. 249, §4 (1988 ed.). “Inmates challenging alleged improprieties in prison disciplinary proceedings under State law must proceed by way of an action in the nature of certiorari.” Pidge v. Superintendent, Massachusetts Correctional Inst., Cedar Junction, 32 Mass.App.Ct. 14, 17 (1992) (emphasis added). A petitioner must commence a certiorari action within 60 days after the proceeding of which he is complaining. See G.L.c. 249, §1.
The time limitation for filing an action in the nature of certiorari is strictly construed. When a petitioner fails to file within 60 days, it is such a "serious misstep” that the court must dismiss the action. See Pidge, 32 Mass.App.Ct. at 18; McLellan v. Comm’r of Correction, 29 Mass.App.Ct. 933, 934 (1990). At no time did Lightbody file an action in the nature of certiorari. Petitioner does not claim that employees of the Department of Correction prevented him from exercising his right to file a certiorari petition. The question, therefore, is whether this failure to use a remedy afforded him to challenge the disciplinary proceeding precludes Lightbody from the remedy of habeas corpus. See Crystal, petitioner, 330 Mass. 583, 591 (1953).
The Commonwealth follows the longstanding rule that a prisoner cannot use habeas corpus as a substitute where appellate procedures are available or he has not exhausted administrative remedies. See Kauffman, petitioner, 413 Mass. 1010, 1011 & n.4 (1992); Lamb, petitioner, 368 Mass. 491, 496 (1975); Crystal, 330 Mass. at 590 (and cases cited). Matters that could have been dealt with through appellate procedure cannot be reopened via a habeas corpus petition. See Lamb, 368 Mass. at 491.[2]
The Appeals Court’s conclusion in Pidge that failure to file an action in the nature of certiorari is such a serious misstep as to require dismissal indicates an unwillingness to allow circumvention of the time requirement set forth in c. 249, §4. Allowing Lightbody to now proceed by petitioning for a writ of habeas corpus would be such a circumvention. "The [petitioner] cannot allow the statutory period to run on each violation and then attempt to revive his claims by using a petition for habeas corpus.” Medeiros v. Comm’r of Correction (Memorandum and Order Pursuant to Rule 1:28; dated June 24, 1993; appeal #92-P-1746); see also Kodama v. H.B. Johnson, 786 P.2d 417, 420 (Colo. 1990) (prisoner’s failure to timely file motion for certiorari review of disciplinary penalty did not make habeas corpus relief available); Stubben v. Flathead County Dep’t of Pub. Welfare, 556 P.2d 904, 112-13 (Mont. 1976) (allowing time for appeal to elapse does not give petitioner right to resort to habeas corpus). In essence, Petitioner is asking this court to hear his certiorari petition seven years after the statutory period for asserting such an action has run.
Petitioner relies on Davis v. Dubois, 4 Mass. L. Rptr. No. 20, 430 (January 8, 1996) (Fremont-Smith, J.), for the proposition that Kenney v. Comm’r of Correction, 399 Mass. 137 (1987), controls this case and mandates that when a prisoner is entitled to immediate release, the 60-day time limitation for filing an action in the nature of certiorari is inapplicable. In Kenney, the Supreme Judicial Court stated in dicta that “(i]f [petitioner] were to wait until the date he would have been released had the good time credits not been forfeited, he could assert a petition for habeas corpus.” 399 Mass. at 138. The present case, however, is distinguishable. First, the Supreme Judicial Court was not dealing with a petition for habeas corpus since the petitioner there was not entitled to immediate release. See id. Second, the pro se petitioner in Kenney brought his action in superior court on August 3, 1983, alleging that he had not discovered until 1983 of the forfeiture of good time from disciplinary proceedings which took place between 1977 and 1979. See id. at 139. In Lightbody’s case, his disciplinary hearing took place at the end of 1993, and he was promptly informed of the punishment imposed, including forfeiture of 250 days of statutory good time credits. Yet he *650 did not commence this action in the superior court until January 2001. Therefore, this court declines to follow the outcome in Davis because the court does not agree that Kenney stands for the proposition that an inmate, on the facts of this case, can seek relief under the habeas corpus statute where the remedy of a certiorari action was available but not exercised.
It is doubtful that the Supreme Judicial Court intended, through the Kenney decision, to provide a mechanism to prisoners allowing them to circumvent the statutory requirements that the Legislature specifically provided for in c. 249, §4. Lightbody had a remedy if he believed that his disciplinary proceeding violated due process, and that remedy was an action in the nature of certiorari. See Ford v. Comm’r of Correction, 27 Mass.App.Ct. 1127, 1128 (1989). Certiorari actions by inmates appealing disciplinary report guilty findings are probably the largest category of complaints filed by pro se inmates in the Suffolk County Superior Court. If inmates were allowed to ignore their certiorari remedy and file a habeas corpus petition, the court would have to hold a prompt evidentiary hearing concerning the validity of the disciplinary report guilty finding and punishment.[3] As a result, the court would have to suspend its other business to hear the petitions and the Department of Correction would be placed at a considerable disadvantage having to defend what has taken place at disciplinary report hearings years before with only days to prepare its defense. Clearly the Legislature never intended to afford habeas corpus relief under these circumstances where the inmate had an opportunity to challenge the Department of Correction’s actions pursuant to G.L.c. 249, §4. In sum, it is sensible and reasonable to require that inmates bring their challenges to the proceedings promptly while everyone involved has a memory of the relevant events. See id. at 1129. For these reasons, the court concludes that Petitioner is not entitled to relief under General Law c. 248, §1. Therefore, Lightbody’s petition for a writ of habeas corpus is denied.[4]
ORDER
For the foregoing reasons, the petition for habeas corpus is denied, and judgment shall enter dismissing this action.

An inmate may appeal the decision of the hearing officer pursuant to 103 C.M.R. 430.18, which provides in part:
(1) All inmates may appeal the finding or sanction(s) pf the hearing officer regarding a major matter or an appeal of a minor matter to the Superintendent within five days following the inmate’s receipt of the hearing officer’s written decision. The Superintendent at his discretion, may consider an appeal filed after the expiration of the five day period but no later than 15 days after, the inmate has received the hearing officer’s decision.
(2) The Superintendent or his designee acting as the appellate authority may sustain the finding and sanction of the hearing officer, order a hearing, reduce the designation from “major” to “minor,” or take whatever remedial action he deems appropriate. In no event shall a Superintendent or his designee increase any sanction on an appeal from a decision of the hearing officer. The Superintendent shall normally decide an appeal within five weekdays of its receipt and notify the inmate in writing of his decision.

Because of numerous restrictions placed on a court’s ability to issue a writ of habeas corpus, habeas corpus is a narrow remedy. General Lawc. 248, §25 (1988 ed.) provides that ”[t]he court shall have no power to issue a writ of habeas corpus, at its discretion for ... a person who has been committed by the governor and council, the senate, or the house of representatives in the manner and for the causes mentioned in the constitution, or a person who is imprisoned or restrained of his liberty pursuant to a criminal conviction.” Habeas corpus is also limited by Rule 30(a) of the Massachusetts Rules of Criminal Procedure, dealing with post conviction relief, which provides that:
Whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.
This rule consolidates the procedures of habeas corpus and writ of error in order to simplify post conviction procedure, while at the same time retaining the full scope of relief previously available. See Reporters’ Notes to Mass.R.Crim.P. 30; see also Commonwealth v. Christian, 429 Mass. 1022, 1023 (1999). Finally, the availability of habeas corpus is limited by the Supreme Judicial Court’s decision in Averett, petitioner, 404 Mass. 28 (1989). Habeas corpus must be based on grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage. See id. at 30.

General Law c. 248, § 10 requires that the person to whom a writ of habeas corpus is directed return it within five days after receipt.

Because of this court’s ruling, it does not reach the question of whether the equitable defense of laches applies.