Volterra, J.
Petitioner Haven Triplett (“Triplett”), currently serving an 18- to 20-year sentence at N.C.C.I., Gardner, currently has a good conduct discharge date of August 19, 1994. Triplett is seeking immediate release from confinement pursuant to G.L.c. 248, §1, asserting that the Department of Corrections (“DOC”) did not accurately calculate his release date and that his term of incarceration has expired. Triplett contends that the DÓC improperly failed to award him certain earned good time credits during the period from January 1985 to May 1993 (the “Disputed Period”). For the reasons outlined below, the Petition for a writ of habeas corpus is DENIED.
DISCUSSION
A court may not issue a writ of habeas corpus where a petitioner does not show an entitlement to immediate release. Averett, petitioner, 404 Mass. 28, 32 (1989); Pina v. Superintendent, Massachusetts Correctional Institution, Walpole, 376 Mass 659, 664-65 (1978). In the present case, Triplett bases his argument for immediate release on the theory that prior to the August 22, 1989 amendment to G.L.c. 127, §129D, there was no limit to the amount of earned good time that a prisoner could accumulate each month. The amendment added a proviso that limited earned good time to a maximum monthly total of seven and one-half days. Prior to the enactment of the amendment, however, 103 Code Mass. Regs. §411.09(1) limited earned good time credits to “not more than seven and one-half days a month.” Triplett argues that the amendment evidences, by reverse implication, that no such limit existed before the amendment. This argument has been rejected numerous times in the past. Wrightman v. DuBois, Commissioner of Correction, Civ. 92-3576 (June 22, 1992) (“[The prisoner’s] premise, if carried to its logical extreme, would have potentially permitted a prisoner to accumulate more earned good time than days in his actual sentence during the Disputed Period. It could not have been the legislature’s intent to ratify, by retroactive implication, so absurd a result”); Tavares v. Larry DuBois, Commissioner of Corrections, Civ. 92-1462 (October 22, 1992); *345 Murphy v. Larry DuBois, Civ. 92-1201 (Feb. 3, 1993). Likewise, petitioner’s argument that the good time credit cap is an ex post facto law must fail since 103 Code Mass. Regs. §411.09(1) was in effect at the time the petitioner began his sentence.
ORDER
For the reasons stated hereinabove, the petition for a writ of habeas corpus is DENIED.