Houston, J.
Petitioner Robert E. Forsyth (Forsyth) is an inmate currently incarcerated at MCI-Norfolk. Forsyth is seeking his immediate release from confinement pursuant to G.L.c. 248, §1, asserting that the Department of Corrections (Department) did not accurately calculate his release date, and that his term of incarceration has expired. Forsyth contends that the Department did not award him the earned good time credits to which he was entitled pursuant to department regulations.
For the following reasons, Forsyth’s petition for a writ of habeas corpus must be ALLOWED, and the Department’s motion must be DENIED.
BACKGROUND
Forsyth is currently serving an eight- to ten-year sentence effective March 9, 1992, for breaking and entering. Forsyth awaited trial on those charges at the Nashua Street Jail during March of 1992, at the Plymouth House of Correction from April 1992-July 1992, and at MCI-Concord during July of 1992. During his pretrial confinement in jail, Forsyth worked in various inmate employment programs, participated in organized sports and attended Alcoholic’s Anonymous (“AA”) meetings. After he was convicted and sentenced, Forsyth received 382 days of jail credits toward his current sentence. He then requested that the Department grant him good time credits pursuant to G.L.c. 127, §129D for his work in the canteen, attendance at AA meetings and participation in organized sports. The Department declined to grant the credits, contending that pretrial detainees are not entitled to such earned good time.
DISCUSSION
Prisoners who establish that their lawfully imposed sentences have expired may petition for habeas corpus relief pursuant to G.L.c. 248. Averett, Petitioner, 404 Mass. 28, 32 (1989). Once an agency has promulgated regulations, it must comply with those regulations. Royce v. Comm’r of Correction, 390 Mass. 425, 427 (1983).
The Department credits prisoners for time served awaiting trial pursuant to the specific mandate contained in G.L.c. 127, §129B and G.L.c. 279, §33A. The Department also credits all prisoners, including pretrial detainees, with statutory good conduct deductions pursuant to G.L.c. 127, §129. Although a prisoner may forfeit such statutory good conduct credit for misconduct, he need not do anything to acquire it initially. Burno v. Comm’r of Correction, 399 Mass. 111, 114 (1987).
Earned good conduct credits in contrast are awarded to prisoners who participate in certain approved counseling, employment and organized sport programs while incarcerated. Good conduct credits require initiative by the prisoner and are not subject to forfeiture. Connery v. Comm’r of Correction, 33 Mass.App.Ct. 253, 261, review granted, 413 Mass. 1108 (1992). The Department’s practice has been not to credit pretrial detainees with earned good conduct deductions for their participation in AA, NA, work programs and organized sports activities pursuant to G.L.c. 127, §129D.
The statute at issue states, in relevant part, that:
For the satisfactory conduct of a prisoner while confined at a correctional institution of the commonwealth, or any jail or house of correction, . . . satisfactory completion of an educational program ... or satisfactory performance of said inmates in any other program or activity which the superintendent of the institution shall deem valuable to said prisoner’s rehabilitation, the commissioner may grant, in addition to the deductions of sentence provided under sections one hundred and twenty-nine and one hundred and twenty-nine C, a further deduction of sentence of not more than two and one-half days per program or activity for each month while said prisoner is . . . partaking in any of the said programs or activities as aforesaid; provided, however, that in no event shall said deductions exceed a maximum monthly total of seven and one-half days.
G.L.c. 127, §129D (emphasis added). The parties dispute whether the legislature intended G.L.c. 127, §129D to apply to pretrial detainees such as Forsyth.
The Department points out that G.L.c. 127, §129D does not mention inmates awaiting trial status. While the statute does refer to “prisoners” confined in “jails,” nowhere in G.L.c. 127, §129D does the Legislature mention pretrial detainees specifically. The Department argues that if pretrial detainees were meant to receive earned good time credits, the statute would clearly state so.
The court notes that the plain meaning of G.L.c. 127, §129D provides the answer to Forsyth’s challenge. The statutory language chosen by the Legislature provides that the Department “may” grant earned good time credit to “any prisoner confined at a . .. jail. ..” who satisfactorily participates in certain approved programs. This would include prisoners such as Forsyth, even though the term “pretrial detainee” is not used. The Department correctly notes that the Commissioner has the discretion to grant such credits.
Given the language of the Commonwealth’s earned good time credit statute, its history and its place in an overall legislative scheme which grants pretrial detainees statutory good time credits, it is the view of this court that G.L.c. 127 § 129D was intended to be equally applied to pretrial detainees such as Forsyth. Accordingly, Forsyth’s motion for a writ of habeas corpus is ALLOWED, and the Department’s motion for dismissal/summary judgment is DENIED.
*426 ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Department of Correction’s motion for summary judgment is DENIED, and the plaintiff Robert E. Forsyth’s motion for a writ of habeas corpus is ALLOWED. It is further ORDERED that Robert Forsyth is entitled to earned good time credits under G.L.c. 127, §129D for his participation in approved programs during his pretrial detention, and such credits are to be granted in accordance with G.L.c. 127, §129D and all otherwise applicable regulations. Because awarding such credit results in the completion of Robert Forsyth’s sentence, it is further ORDERED that he be released from incarceration immediately.