*John A. Bosk* for the petitioner.

WILLIAM C. COSTELLO *vs.* SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION, NORFOLK. March 4, 1998. *Supreme Judicial Court,* Appeal from order of single justice. *Habeas Corpus. Practice, Criminal,* Postconviction relief.

William C. Costello (petitioner) appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief under G. L. c. 211, § 3, by a single justice of this court.

The petitioner states that he pleaded guilty to an indictment and that the judge sentenced him to serve a term of years and "ordered that the sentence be suspended in favor of five years probation." He also indicates that after he was convicted of two subsequent charges and while his appeal was pending, his probation was revoked; and that he has not appealed from that revocation (a failing, he alleges, of his counsel). The petitioner then filed a petition for a writ of habeas corpus in which he not only claimed that the revocation hearing violated certain of his rights, but also asserted that the two convictions he believes were the basis for the probation revocation had been reversed, that the cases had been dismissed, and that he was entitled to be released.

In his petition for relief pursuant to G. L. c. 211, § 3, he states that the Superior Court judge who considered his petition for a writ of habeas corpus decided that it should not be a separate civil action and forwarded it to the judge who had presided over the probation revocation. The Superior Court judge who forwarded the petition also denied the petitioner's objection and motion for reconsideration. It is that denial which the petitioner sought to have a single justice of this court reverse.

We assume, without deciding, that the order denying reconsideration is interlocutory. The appeal from the single justice's denial of relief is properly before us under rule 2:21. The petitioner thus has the burden under the rule of "set[ting] forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any adverse final judgment in the trial court or by other available means." He has not met this burden simply by stating that "no appeal lies from the action" of the Superior Court.[1]

We are not unmindful of the petitioner's reliance on our opinion in *Averett, petitioner,* 404 Mass. 28, 29-31 (1989), in which we discussed some differences between a petition for a writ of habeas corpus and a request for relief under Mass. R. Crim. P. 30, 378 Mass. 900 (1979), including that the former "must be heard freely, easily, cheaply, expeditiously, and amply." *Averett,*

---

[1]Moreover, he has not indicated what, if any, action has been taken by the Superior Court judge to whom his petition was forwarded.

*petitioner, supra* at 31. We are certain that the Superior Court judge to whom the petition was forwarded is aware of these distinctions.[2]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*William C. Costello,* pro se.

---

[2]The petitioner concedes that the Superior Court has made no ruling as to how his claims are to be treated, and that "it seems a safe assumption that the Court has elected to turn petitioner's pleadings into a motion pursuant to [Mass. R. Crim. P. 30 [a], 378 Mass. 900 [1979])." See *Wolcott, petitioner,* 32 Mass. App. Ct. 473, 473-474 n.1 (1992) (no abuse of discretion in transfer if its effect does not transgress the constitutional provision, but normally such a transfer should not be made).

