Brassard, J.
This case was before the court on July 23, 1998 for a hearing on the above-captioned motions. The plaintiff, Robert E. Aldrich, Jr. (“Aldrich”) brings the writ of habeas corpus ad subjudiciendum against defendant, Michael T. Maloney (“Maloney”), claiming that his confinement is illegal and in direct violation of statutory law, G.L.c. 263 §7, and the double jeopardy clause of the Fifth Amendment to the United States Constitution. The defendant moves the court to dismiss the petition for writ of habeas corpus because plaintiff does not base his petition on grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage. For the following reasons, the plaintiffs petition for writ of habeas corpus is herein DENIED and the plaintiffs motion to waive filing fees and costs is herein ALLOWED.
BACKGROUND
For purposes of this motion, the facts alleged in the plaintiffs petition are accepted as true: In September of 1991, a Norfolk County grand jury returned four indictments against Aldrich including armed burglary, unarmed burglary, larceny, and possession of burglarious tools. On June 10,1992, after the jury was sworn, the prosecutor moved to nolle prosequi the armed burglary indictment without Aldrich’s consent, pursuant to Mass.R.Crim.P. 16(b). Maloney agrees that the prosecution’s motion to nolle prosequi the armed burglary indictment after the jury was sworn amounted to an implied acquittal.[1] On June 12,1992, the jury returned a guilty verdict against Aldrich for breaking and entering in the night. Soon thereafter, on June 18, 1992, the Superior Court judge imposed a sentence of 15 to 18 years on the unarmed burglary indictment with two concurrent 4 to 5 year sentences for larceny and possession of burglarious tools. All of the sentences were to begin on and after the sentence that Aldrich was currently serving.[2]
On the day of the sentence, June 18, 1992, Aldrich filed a motion to set aside the guilty verdict and order the entry of a finding of not guilty on the grounds of a violation of the Fifth Amendment double jeopardy clause. Aldrich’s motion to set aside guilty verdict was denied, and he subsequently filed a notice of appeal. *20 According to Maloney’s motion to dismiss, the Massachusetts Appeals Court affirmed Aldrich’s conviction on June 23, 1994. 36 Mass.App.Ct. 1124. Aldrich then filed a petition with the Massachusetts Supreme Judicial Court, but was denied review. 418 Mass. 1105. Aldrich then sought relief from the United States District Court by way of a writ of habeas corpus. On December 20, 1994, U.S. District Court Judge Saris allowed the Attorney General’s motion to dismiss for failure to exhaust state remedies before seeking relief from the federal courts. An appeal was then filed with the United States Court of Appeals for the First Circuit. On June 7, 1995, that court ruled that the plaintiff had not exhausted all available state remedies. The court directed Aldrich to pursue the double jeopardy claim in the state court.
On December 13, 1995, Aldrich filed a motion for release from unlawful restraint pursuant to Mass.R.Crim.P. 30(a). On June 26, 1996, the Rule 30(a) motion was denied by the Norfolk Superior Court. A notice of appeal was timely filed from the denial of Aldrich’s motion for release from unlawful restraint, but has not yet been docketed in the Appeals Court.
DISCUSSION
Aldrich claims that his conviction for unarmed burglary violates the prohibition against double jeopardy under G.L.c. 263 §7[3] and the Fifth Amendment to the United States Constitution because the Commonwealth entered a nolle prosequi for the armed burglary indictment. Aldrich’s challenge to the lawfulness of his conviction does not raise issues distinct from the issues at trial, indictment, sentencing, or conviction.[4] Although Aldrich characterizes his request as a petition for a writ of habeas corpus, he seeks relief obtainable by a motion under Mass.R.Crim.P. 30(a).[5] Rule 30 encompasses all motions for post conviction relief that challenge “the sentence, conviction, or confinement imposed.” See In ReAverett, 404 Mass. 28, 31 (1989). Rule 30(a) provides, “[wjhoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.” Aldrich unsuccessfully pursued a Rule 30(a) claim for relief in the Norfolk Superior Court, and his appeal of that decision is pending. That 30(a) proceeding raised the same issues Aldrich seeks to raise here. The appropriate remedy is appeal of the Norfolk Superior Court decision. See Stewart, 411 Mass. at 569.
Beyond its procedural flaws, Aldrich’s claim here fails on the merits. Aldrich was indicted for armed burglary and unarmed burglary. The prosecutor entered a nolle prosequi of the armed burglary indictment after the jury was sworn and jeopardy had attached. The jury then convicted Aldrich on the unarmed burglary indictment. For purposes of double jeopardy, the nolle prosequi is without consequence to the unarmed burglary indictment and conviction.
In 1966, the Supreme Judicial Court decided a case which controls this case. Commonwealth v. Massod, 350 Mass. 745 (1966). In Massod, the defendant was charged with being in a room with apparatus for registering bets, and with registering such bets. The prosecutor entered a nolle prosequi during the trial to so much of the complaint as charged the defendant with registering bets, without the consent of the defendant. Massod, 350 Mass. at 748. The defendant then sought acquittal with respect to the entire complaint by reason of the fact that the nolle prosequi had been entered without his consent. Massod, 350 Mass. at 750. The court denied the defendant’s motion which “asked for more than [the defendant] was entitled to.” Id.
The court noted that “it is within the power of the district attorney to enter a nolle prosequi either as to an entire indictment or complaint or any count thereof, or any distinct and substantive part of it, so long as there remains a charge of an offense originally set forth.” Id. at 748. The Supreme Judicial Court concluded that the remaining charge was properly pursued by the prosecutor, and that the conviction thereon was lawful. Id. at 750.
The nolle prosequi in this case was, in effect, an acquittal of the indictment charging armed burglary. The indictment charging unarmed burglary properly proceeded to trial. Id. at 750. The effect of the nolle prosequi was identical to the effect which would have pertained if the court directed a verdict on the more serious charge or if the jury had acquitted Aldrich on the more serious charge.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs writ of habeas corpus is DENIED. The plaintiffs petition to be admitted to bail is DENIED . The plaintiffs motion for waiver of filing fees and costs is herein ALLOWED.

Mass.R.Crim.P. 16(b) states in pertinent part: “After jeopardy attaches, a nolle prosequi entered without the consent of the defendant shall have the effect of an acquittal of the charges contained in the nolle prosequi."

The plaintiff was serving a prior 4 to 5 year sentence for receiving stolen property on an unrelated matter.

G.L.c. 263 §7 states, in pertinent part: “A person shall not be held to answer on a second indictment or complaint for a crime of which he has been acquitted upon the facts and merits; but he may plead such acquittal in bar of any subsequent prosecution for the same crime, notwithstanding any defect in the form or substance of the indictment or complaint on which he was acquitted."

Stewart, petitioner, 411 Mass. 566, 568 (1992) quoting In Re Averett, 404 Mass. 28, 30-31 (1989) (A petition for a writ of habeas corpus may only be properly brought by an individual who contends that “the term of a lawfully imposed sentence has expired,” or by one who bases his argument on “grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage.”)

Rule 30(a) consolidates the previous distinct procedures of habeas corpus and writ of error. The consolidation of these remedies is effected to simplify post conviction procedure, while maintaining the full scope of relief previously available. Mass.R.Crim.P. 30.