## JEFFREY CROWLEY, petitioner.

No. 99-P-1860.

Suffolk. December 13, 2001. - April 10, 2002.

Present: PORADA, GILLERMAN, & GRASSO, JJ.

*Administrative Law,* Prison disciplinary proceeding. *Due Process of Law,* Prison disciplinary proceedings. *Imprisonment,* Good conduct deductions. *Habeas Corpus. Practice, Civil,* Action in nature of certiorari.

A prison inmate who failed to seek review by certiorari of asserted deficiencies in a disciplinary proceeding that resulted in forfeited good time credits could not seek, several years later, the same relief by means of habeas corpus. [449-454]

PETITION filed in the Superior Court Department on June 9, 1999.

The case was heard by *Margaret R. Hinkle,* J.

*Jeffrey Crowley,* pro se.

*Charles Anderson, Jr.,* for Commissioner of Correction.

GRASSO, J. We consider in this appeal whether a prison inmate who has failed to seek review by certiorari of asserted deficiencies in a disciplinary proceeding that results in forfeited good time credits can seek habeas corpus to the same end years later. We conclude that in such circumstances an inmate may not use habeas corpus as a substitute for certiorari, and we affirm the dismissal of the inmate's habeas corpus petition.

*Background.* The essential facts are not in dispute. Jeffrey Crowley received a sentence of twenty-two and one-half to twenty-five years for armed robbery, effective April 8, 1987. On July 25, 1990, Crowley received a disciplinary report (no. 90-2818) for spitting in the face of a correction officer. After a hearing on August 7, 1990, the disciplinary board found Crowley guilty and imposed sanctions that included a recommended loss of one hundred days of good time credits. Crowley received

notice of the board's written decision and of his right to appeal. Crowley's appeal was denied by the superintendent on October 7, 1990.

Subsequently, other disciplinary reports for possession of drugs in 1991 (no. 91-4263), for attempting to incite a riot in 1992 (no. 92-1771), and for use of threatening conduct toward a correction officer in 1997 (no. 97-1519) led to other disciplinary hearings, appeals, and denials of those appeals resulting in the additional loss of good time credits of 300 days, 180 days, and sixty days, respectively. Crowley did not seek review by certiorari of any of the disciplinary proceedings. See G. L. c. 249, § 4. He does not contend that he was unaware of the loss of good time credits and the denials of his appeals in each instance.

On June 9, 1999, Crowley initiated a petition for habeas corpus relief, asserting that he was being held unlawfully because specified procedural flaws in each disciplinary proceeding deprived him of due process protections afforded under the Federal and State Constitutions and rendered the disciplinary proceedings and the ordered good time credit forfeitures unlawful.[1] Crowley requested that the court "reinstate the unlawfully seized 640 days of good conduct making [him] eligible for immediate release from custody."

In a memorandum of decision dismissing the petition, a Superior Court judge reasoned that Crowley's petition was, in essence, a request for "relief in the nature of certiorari" that was time-barred under G. L. c. 249, § 4, as amended by St. 1986, c. 95, which requires that "[s]uch action shall be com-

---

[1]The due process violations enumerated in the habeas corpus petition were these:

1. 90-2818 — (a) improper notice of the hearing; (b) board members were not impartial; (c) improperly precluded from being able to obtain his own medical records.

2. 91-4263 — (a) hearing officers were not impartial; (b) failure to obtain witnesses petitioner had requested; (c) failure to provide timely documentary evidence.

3. 92-1771 — failure to obtain numerous witnesses petitioner had requested.

4. 97-1519 — (a) failure to give adequate reason for denial of petitioner's request for audiotape of proceeding; (b) failure to obtain witness petitioner requested without providing proper explanation.

menced within sixty days next after the proceeding complained of."

*The right to habeas corpus.* The right to habeas corpus is expressed both in the State Constitution and in the General Laws. Part II, c. 6, art. 7, of the Massachusetts Constitution provides:

> "The privilege and benefit of the writ of habeas corpus shall be enjoyed in this commonwealth in the most free, easy, cheap, expeditious and ample manner; and shall not be suspended by the legislature, except upon the most urgent and pressing occasions, and for a limited time not exceeding twelve months."

General Laws c. 248, § 1, further provides that the remedy of habeas corpus may be availed of as of right by one unlawfully imprisoned or restrained of his liberty. Should a statute purport to eliminate completely a court's power to issue a writ of habeas corpus for a person who is imprisoned or restrained of his liberty pursuant to a criminal conviction, it may run afoul of Part II, c. 6, art. 7, of the Constitution of the Commonwealth. See *Hennessy* v. *Superintendent, Mass. Correctional Inst., Framingham,* 386 Mass. 848, 852 n.3 (1982); *Averett, petitioner,* 404 Mass. 28, 30 (1989).[2]

Recognizing the superiority of a constitutionally based claim, Crowley suggests that requiring challenges to prison disciplinary proceedings to be by certiorari amounts to a prohibited statutory limitation on a constitutional right. Crowley does not dispute that he *could* have challenged by certiorari the individual adjudications in each of the disciplinary proceedings and raised the same due process concerns contained in his habeas corpus petition. Neither does he dispute that an action in the nature of certiorari has a sixty-day limitation period. Rather, he contends

---

[2]By virtue of amendment to G. L. c. 248, § 25, see St. 1979, c. 344, § 12, a judge no longer has the discretionary power to issue a writ of habeas corpus. Compare *Pina* v. *Superintendent, Mass. Correctional Inst., Walpole,* 376 Mass. 659, 664 (1978), with *Averett, petitioner,* 404 Mass. at 30. However, where a controversy exists as to the validity of regulations or the propriety of practices involving violations of rights which are "consistent and repeated in nature," a judge has the discretion to construe a petition for a writ of habeas corpus as a claim for declaratory relief. See *Nelson* v. *Commissioner of Correction,* 390 Mass. 379, 387-388 & n.12 (1983).

that certiorari is not the exclusive remedy for his challenge and that he is entitled as of right to seek a writ of habeas corpus.[3] This question was left open in *Nelson* v. *Commissioner of Correction*, 390 Mass. 379, 388 n.12 (1983) ("[W]e do not reach the question whether the validity of an adjudication by the board in an individual case must be challenged by an action in the nature of certiorari under G. L. c. 249, § 4").

We answer the question left open in *Nelson* and conclude that a challenge to an adjudication in an individual prison disciplinary proceeding must ordinarily be made by an action in the nature of certiorari and that such a requirement is not in derogation of the right to habeas corpus.[4] An inmate such as Crowley may not allow the certiorari limitation period to run and then, years later, seek to resuscitate the same waived claims in a habeas corpus petition. The rationale for such a conclusion is informed both by the principle against allowing habeas corpus to be a substitute for ordinary appellate processes and by the purpose behind the Great Writ and its essential prerequisite, the entitlement to "immediate release." See *Stearns, petitioner*, 343 Mass. 53, 56-57 (1961); *Beaton, petitioner*, 354 Mass. 670, 671-672 (1968); *Hennessy* v. *Superintendent, Mass. Correctional Inst., Framingham*, 386 Mass. at 852 (to qualify, a petitioner must show he or she "is eligible for immediate release from the respondent's custody"). See also *Pidge* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 32 Mass. App. Ct. 14, 17 (1992) ("Inmates challenging alleged improprieties

---

[3]General Laws c. 248 contains no provision analogous to that in the Federal habeas corpus statute, which requires a petitioner to first exhaust available and adequate State remedies before resorting to habeas corpus. See 28 U.S.C. § 2254(b) (2000); *Rose* v. *Lundy*, 455 U.S. 509 (1982). Cf. *Heck* v. *Humphrey*, 512 U.S. 477 (1994).

[4]There may be an instance in which the challenged disciplinary hearing resulting in forfeited good time occurs so close to the inmate's good conduct release date as to render review of the proceeding by habeas corpus superior to review by certiorari because the inmate's "immediate release" is implicated and habeas corpus relief is easier and more expeditious and ample than that afforded by certiorari. See *Averett, petitioner*, 404 Mass. at 29 n.3, 31. Crowley's is not such a case. Cf. *Preiser* v. *Rodriguez*, 411 U.S. 475, 497 (1973).

Neither is this a case where the petitioner is properly asserting a substantive Federal right for which a short State statute of limitations is being asserted as a bar. See *Pidge* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 32 Mass. App. Ct. 14, 19 (1992).

in prison disciplinary proceedings . . . must proceed by . . . certiorari").

In both its statutory and constitutional derivations, the right to habeas corpus is limited in nature. "Habeas corpus cannot be employed as a substitute for ordinary appellate procedure, and so, in general, is not available where there is a remedy by writ of error or appeal." *Crowell* v. *Commonwealth*, 352 Mass. 288, 289 (1967). See *Dirring, petitioner*, 344 Mass. 522, 523-524 (1962) (no habeas corpus relief where petitioner did not bring an alleged error below before the court through appropriate appellate procedure). See also *Crystal, petitioner*, 330 Mass. 583, 591 (1953) (unless the court or magistrate by whose purported authority the imprisonment was imposed had no jurisdiction to impose it, resort generally cannot be had to habeas corpus where appellate remedies are open); *Lamb, petitioner*, 368 Mass. 491, 496 (1975) (where errors asserted in habeas corpus petition by a person adjudged a sexually dangerous person either were or could have been argued in the Appeals Court when that court first reviewed proceedings, those matters could not be reopened in a petition for habeas corpus). To hold otherwise would render meaningless statutes and rules limiting appeals and other post-conviction challenges to criminal convictions. Almost anyone could assert that if his conviction were reversed he would be entitled to immediate release.

Here, certiorari afforded Crowley a timely and effective method to review each disciplinary proceeding and to order any deficiencies corrected long before he would have been entitled to be released. That Crowley chose not to avail himself of certiorari does not entitle him to habeas corpus as a substitute any more than a defendant convicted of a crime who chooses not to appeal. See *Crowell* v. *Commonwealth*, 352 Mass. at 289.

"Habeas corpus is the historic remedial process whenever it appears that one is deprived of his liberty without due process of law in violation of the Constitution of the United States." *O'Leary, petitioner*, 325 Mass. 179, 184 (1950). The essence of a writ of habeas corpus is the immediate release of the party deprived of his personal liberty. See *Wyeth* v. *Richardson*, 10 Gray 240 (1857); G. L. c. 248, §§ 1, 25. A habeas corpus petitioner must establish that (1) there has been a violation of

the State or Federal Constitution or laws; (2) the violation has deprived him of his personal liberty; and (3) he is entitled to "immediate release" from the custody of the respondent. See *Stokes* v. *Superintendent, Mass. Correctional Inst., Walpole*, 389 Mass. 883, 886 (1983).[5] Crowley's claimed entitlement to immediate release is entirely of his own manufacture and rests upon a circular logic: Crowley is only entitled to immediate release from confinement if the disciplinary proceedings were ultimately concluded favorably with no forfeiture of good time credits.[6] However, Crowley's habeas corpus petition would establish only that the individual disciplinary hearing was flawed, not that no disciplinary violations had occurred for which good time credits could be ordered forfeited upon a proper hearing. Favorable resolution of the habeas corpus petition would only entitle Crowley to another hearing, not immediate release. See *Nelson* v. *Commissioner of Correction*, 390 Mass. at 398 ("Put otherwise, the [petitioner is] entitled, at most, by analogy, to a 'new trial' free of error").

Crowley's contention that habeas corpus is a permissible alternative to certiorari review of an individual prison disciplinary proceeding rests upon a fundamental misconception of the purpose of habeas corpus and its sine qua non, a right to immediate release from custody. Habeas corpus is a shield against unlawful imprisonment or restraint, not a sword to prevent lawful punishment. See *Randall* v. *Bridge*, 2 Mass. 549, 553 (1807) (it was the intention of habeas corpus to relieve against unlawful imprisonment, not to alter the law authorizing commitments); *Commonwealth* v. *Whitney*, 10 Pick. 434, 439 (1830) ("The

---

[5]Federal habeas corpus cases accord broader reach to the "immediate release" component. See *Preiser* v. *Rodriguez*, 411 U.S. at 487-488.

[6]"Massachusetts provides that every prisoner 'whose record of conduct shows that he has faithfully observed all the rules of his place of confinement' has a statutory right to have 'the term of his imprisonment reduced by a deduction' of a determined period of time from his sentence. G. L. c. 127, §§ 129, 129C & 129D. Such good time credits may be forfeited '[i]f a prisoner violates any rule of his place of confinement.' G. L. c. 127, § 129, first par. The loss of such statutory good time credits affects a State-created liberty interest protected by the due process guarantees of the United States Constitution." *Nelson* v. *Commissioner of Correction*, 390 Mass. at 389. Although statutory good time credits were repealed by St. 1993, c. 432, § 10, the repeal does not affect Crowley.

writ of habeas corpus is a summary process; the power given by it, is to be exercised under a sound discretion, and with reference to all the circumstances"); *Vautier, petitioner*, 340 Mass. 341, 344 (1960) (habeas corpus is a "prerogative writ for the preservation of freedom").

Crowley's contention that an inmate may use habeas corpus rather than certiorari to challenge an adjudication in an individual prison disciplinary proceeding would also lead, in effect, to habeas corpus being used to thwart the lawful imposition of prison discipline. "The long standing rule of the Commonwealth is that [an appeal] do[es] not lie from an issuance of the writ of habeas corpus." *Stokes* v. *Superintendent, Mass. Correctional Inst., Walpole*, 389 Mass. at 885 (citations omitted). See *Averett, petitioner*, 404 Mass. at 32. Thus, once a writ of habeas corpus is granted, the propriety of the prisoner's release may not be appealed by the commissioner. Moreover, there is a serious question whether an inmate who is released pursuant to the grant of a writ of habeas could be required to serve the remainder of his sentence even were an appeal to be permitted and decided favorably to the commissioner. See G. L. c. 248, § 24; *Hennessy* v. *Superintendent, Mass. Correctional Inst., Framingham*, 386 Mass. at 852 n.3. In combination, these concepts would suggest that an inmate who obtains a writ of habeas corpus because of a procedural defect in an "old" disciplinary proceeding might reverse a good time credit forfeiture and prevent the merits from being reached and the infraction from being punished. The absurdity of such a proposition is manifest. See *Pina* v. *Superintendent, Mass. Correctional Inst., Walpole*, 376 Mass. 659, 667 (1978) (statutory good time credits "are useful for institutional discipline").

We see nothing to the contrary in *Kenney* v. *Commissioner of Correction*, 399 Mass. 137, 138-139 (1987), or *Averett, petitioner*, 404 Mass. 28 (1989).[7] In *Kenney*, the inmate's asserted lack of knowledge of previously forfeited good time informed

___

[7]Although in *Averett, petitioner, supra*, the Supreme Judicial Court concluded that "individuals who establish that their lawfully imposed sentences have expired may petition for habeas corpus relief and are not limited to [Mass.R.Crim.P.] 30, [378 Mass. 900 (1979),] postconviction relief," 404 Mass. at 32, the holding (affirming the allowance of petitions for habeas corpus) was grounded in "the longstanding rule in the Commonwealth that an

both the court's holding that the defense of laches had not been established on the record and its dictum that if the inmate had "wait[ed] until the date he would have been released had the good time credits not been forfeited, he could assert a petition for habeas corpus." *Kenney, supra* at 138. Here, Crowley received prompt notice of each of the ordered forfeitures. Compare *id.* at 140 (court directed that, on remand, the judge "consider when [the inmate] discovered that his good time credits had been forfeited, [and] whether the delay was deliberate and calculated to prejudice the defendants").

Crowley's case also stands in contrast to those instances, not involving the propriety of individual adjudications in disciplinary proceedings, where an inmate raises more a question of the legality of his continued confinement. In such instances, e.g., dealing only with issues of mathematical computation such as matters of statutory interpretation as to credit entitlements, habeas corpus is particularly apposite as immediate release will result. See *Pina* v. *Superintendent, Mass. Correctional Inst., Walpole*, 376 Mass. at 664-665 (habeas corpus is the appropriate vehicle for an inmate who challenges the mathematical computation of good time credits).

In sum, an inmate such as Crowley may not circumvent certiorari review of an adjudication in an individual disciplinary proceeding and thereafter resuscitate his challenge in a habeas corpus petition. The order denying the petition for habeas corpus relief is affirmed.

*So ordered.*

---

appeal does not lie from an issuance of a writ of habeas corpus." *Ibid.* As a result, the court declined to reach the commissioner's argument that, on the facts presented, the petitioners were not entitled to habeas corpus relief. *Ibid.*