The plaintiff, Thao Kao, is a prisoner at the Massachusetts Correctional Institution, Norfolk (prison). This is his appeal from a judgment in the Superior Court dismissing his civil action brought under G. L. c. 30A in which he sought judicial review of the denial of his grievance (no. 83733) as well as monetary damages. In October, 2011, a correction officer seized from the plaintiff nineteen books of postage stamps, each book containing ten stamps, as contraband and issued a disciplinary report (no. 238446).[2] As required, the prison held the stamps for the next three years.[3] In September, 2015, the stamps not yet having been returned, the plaintiff filed a grievance demanding "the amount owed me; that is, the 19 books or the $83.09." The plaintiff's grievance was denied.[4] The plaintiff's administrative appeal likewise was denied by the defendant and the plaintiff filed in Superior Court the present action under G. L. c. 30A in January, 2016. The property department at the prison returned five stamp books to the plaintiff, see note 1, supra, in July, 2016; the remaining fourteen books were, at the plaintiff's request, picked up by a member of the plaintiff's family. After the stamps had been returned, the defendant successfully moved to have the action dismissed as moot. We affirm.
Because the defendant returned all the stamps seized, either to the plaintiff or, at the plaintiff's request, to the plaintiff's family, the plaintiff already has "obtained all the relief to which he could be entitled, and he no longer has a cognizable interest in whether the [decision denying his grievance] was lawfully issued." Quinn v. Gjoni, 89 Mass. App. Ct. 408, 414 (2016) (footnote omitted). See Williams v. Charles, 84 Mass. App. Ct. 328, 339 (2013). We pause only to consider the plaintiff's argument that the action remains live because he demanded a declaration, money damages, and court costs.
Because the plaintiff "challenges an administrative decision relating to his particular case," that is, a decision denying his grievance, he properly sought review under G. L. c. 30A, § 14(7). Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 136 (2013). See G. L. c. 127, § 38H, inserted by St. 1999, c. 127, § 133 ("A final decision with respect to a grievance shall be subject to judicial review in accordance with section 14 of chapter 30A"). Declaratory relief is unavailable in such cases. Grady, supra at 135, citing Averett v. Commissioner of Correction, 25 Mass. App. Ct. 280, 287 (1988), S.C., 404 Mass. 28 (1989). Moreover, a judge on c. 30A review may only "affirm the decision of the agency, or remand the matter for further proceedings before the agency; or the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed ...." G. L. c. 30A, § 14(7), as appearing in St. 1973, c. 1114, § 3. Conspicuously absent from this statutory grant is authority to award monetary damages or fees and costs against the Commonwealth; absent express statutory authority such remedies are unavailable. Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 737-738 (2006). See Mass.R.Civ.P. 54(d), as appearing in 382 Mass. 821 (1980). Compare Mello Constr. v. Division of Capital Asset Mgmt., 84 Mass. App. Ct. 625, 630-631 (2013) (despite potentially "devastating financial and emotional consequences," there "[t]ypically ... is no right to money damages flowing from an improper licensing action").
Although not explicitly addressed herein, we have considered the plaintiff's remaining arguments and have found them to be without merit.
Judgment affirmed.

"[A]n inmate may possess a maximum of ... 50 stamps." 103 Code Mass. Regs. § 403.10(7)(b) (2001).

Section 506.12(2) of the Department of Correction regulations states, "All evidence related to a disciplinary matter shall be held for three years from the initial sanction date to ensure that no civil action has been brought against the department."

The grievance coordinator wrote, "As of [this] decision date it appears that [the plaintiff's] request is pending approval for release through the Department of Corrections Legal Division."